IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WAYDE GILBERT                                                              PLAINTIFF

VS.                                           CIVIL ACTION NO. 3:08cv713-HTW-LRA

THE KROGER CO.                                              DEFENDANT

## **ORDER**

This cause came before the Court for hearing on August 4, 2009, on the Bill of Costs [#18] filed by The Kroger Company [hereinafter "Defendant"]; Defendant's Third Motion to Compel [#24]; the Motion to Extend the Case Management Deadlines [#28] filed by Wayde Gilbert [hereinafter "Plaintiff"]; and, Defendant's Motion to Withdraw Third Motion to Compel [#45].

The Court heard argument on whether or not expenses should be awarded in favor of Defendant due to Plaintiff's failure to timely and fully respond to discovery. A bill of costs was filed by Defendant indicating that the attorneys' fees it incurred in filing those motions was $1,198.28. The Court has reviewed the described work and fees billed and noted Plaintiff's objections thereto. Although the costs are reasonable, the undersigned finds that the sum of $900.00 shall be awarded to partially compensate Defendants for the costs incurred in obtaining the discovery. The cases cited by Plaintiff do not prevent an award of these fees.

On June 26, 2009, Plaintiff filed a motion to extend the expert deadline and the deadline to amend the pleadings [#28]. The deadline for amending pleadings had already expired on February 23, 2009, and Plaintiff's expert deadline had expired on May 7, 2009. The cause given was that counsel's caseload was heavy, and that new co-counsel had

entered an appearance to assist. In the case of *S&W Enterprises v. Southtrust Bank*, 315 F.3d 533, 563 (5th Cir. 2003), the Fifth Circuit Court of Appeals held that once a scheduling order has been entered by the court, the decision to allow an amended complaint is controlled by FED. R. CIV. P. 16(b), rather than the often quoted Rule 15 ("[L]eave shall be freely given when justice so requires."). Rule 16(b) states that the schedule set by the court "shall not be modified except upon a showing of good cause . . . ."). In determining whether good cause is shown, *S&W Enterprises* sets forth a four-part test, requiring the court to consider "(1) the explanation for the failure to [timely move for leave to amend] (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536, quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

The *S&W Enterprises* case presumes that the motion to amend the deadline was timely made, not made after the expiration of deadlines. Nevertheless, the Court has examined the circumstances set forth herein and the *S&W Enterprises* factors and finds that good cause has not been established to justify the extensions requested. Accordingly, the motion shall be denied.

IT IS THEREFORE ORDERED:

1. Expenses in the amount of $900 are hereby awarded against Plaintiff in favor of Defendant.

2. Defendant's Motion to Withdraw Third Motion to Compel [#45] is hereby GRANTED, and Defendant's Third Motion to Compel [#24] is withdrawn.

2

3. Plaintiff's Motion to Extend the Case Management Deadlines [#28] is denied.

4. The parties' *ore tenus* request to extend the deadline to depose James Day and Billy Atkinson is granted, and the depositions may be taken on or before September 4, 2009.

SO ORDERED, this the 18th day of August, 2009.


                /s/ Linda R. Anderson
      UNITED STATES MAGISTRATE JUDGE