# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

WADE GILBERT                                                                                                                                                   PLAINTIFF

V.                                       Civil Action No. 3:08-cv-00713-HTW-LRA

THE KROGER CO. AND
JOHN DOES 1-5                                                                                DEFENDANT

## **MEMORANDUM OPINION AND ORDER**

Before this court is a motion for summary judgment [docket nos. 52 and 71] filed by the sole defendant here, The Kroger Company ("Kroger"). Although plaintiff's complaint also names "John Does 1-5," these "defendants" are fictitious. *See* Title 28 U.S.C. § 1441(a). Kroger's motion attacks all remaining claims – negligent hiring, training and supervision and gross negligence – asserted by plaintiff Wade Gilbert. Gilbert also alleged claims of slander and negligent infliction of emotional distress. He has since voluntarily dismissed those claims in his response to Kroger's motion for summary judgment.

Plaintiff's core contention is that Kroger's negligence caused him to be arrested for shoplifting and to suffer emotional and financial damages. Plaintiff, however, is unable to establish that any action by Kroger was the proximate cause for his arrest or even that plaintiff was arrested for shoplifting. So, having considered all briefs as well as oral argument, this court finds that summary judgment is now appropriate in favor of The Kroger Company.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

This court has subject matter jurisdiction over this dispute pursuant to diversity of citizenship as bestowed by Title 28 U.S.C. § 1332. As such, this court applies the substantive law of the State of Mississippi. *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-79, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)).

Plaintiff says that a Kroger employee executed an affidavit which led to his arrest. Plaintiff cannot produce said alleged affidavit. He is unable to do so. After the mishap alleged here, plaintiff obtained an expungement of the Ridgeland, Mississippi, Police case file which would contain any documentation concerning a charge(s) and arrest. While plaintiff accuses defendant of engineering an unlawful arrest of his person for shoplifting, he acknowledges that he was arrested that same day for disorderly conduct, a charge for which Kroger was not responsible. The missing documentation would establish whether plaintiff was arrested at the instigation of Kroger. Without that missing documentation, this court cannot answer that question.

The court finds that an adverse and unfavorable inference exists against the plaintiff because his own action resulted in the loss of potential evidence of any such

2

affidavit. "[W]hen evidence is lost or destroyed by one party (the 'spoliator'), thus hindering the other parties' ability to prove his case, a presumption is raised that the missing evidence would have been unfavorable to the party responsible for its loss." *See Davis v. Ford Motor Company*, 375 F.Supp. 2d 518, 520 (S.D. Miss. 2005) (quoting *Thomas v. Isle of Capri Casino*, 781 So. 2d 125, 133 (Miss. 2001)). Plaintiff has failed to present evidence that would rebut this presumption.

So, plaintiff has failed to establish that he was ever arrested for shoplifting and not simply disorderly conduct as a result of his own actions. In fact, the only clear evidence before the court with regard to the charge for which plaintiff was arrested establishes the undisputed fact that the Ridgeland Police Department released plaintiff after plaintiff made bond, not for a shoplifting charge, but for a disorderly conduct charge.

Lastly, plaintiff argues that Kroger violated its shoplifting policy. The policy requires certainty with respect to whether a suspected shoplifter has picked up and taken merchandise before the reporting employee is warranted in taking action against the suspect. Plaintiff contends that Kroger employee James Day violated this policy. James Day initially misidentified plaintiff as the shoplifter. Plaintiff says this shows that Kroger either negligently hired or trained Day. Plaintiff has failed to establish that he ever was arrested for shoplifting. Thus, he cannot establish that Day's initial misidentification was the proximate cause of his damages. Accordingly, he has failed to establish that any failure by Day to follow Kroger's written policy regarding shoplifting was causally connected to his claimed damages.

The court finds further that the mistake was rectified within a few hours of the

shoplifting incident when Day was shown Gilbert at the police department and asked to identify him, and Day stated to the Ridgeland Police Department that he could not identify Gilbert as the culprit he saw concealing steaks at the Kroger store. While at the Ridgeland Police Department, plaintiff was arrested on a charge of disorderly conduct due to his actions there.

For the reasons stated above, this court finds that plaintiff has failed to establish proximate cause between any allegedly negligent acts of Kroger and the subsequent arrest and alleged damages of plaintiff. Therefore, summary judgment is appropriate given that plaintiff has failed to establish an essential element in his case. This lawsuit is dismissed. In accordance with the local rules, this court will enter a separate final judgment.

SO ORDERED AND ADJUDGED this the 18th day of March, 2010.

**s/ HENRY T. WINGATE**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

Civil Action No. 3:08-cv-713 HTW-LRA
Memorandum Opinion and Order